# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                                                          Case No. 19-10004-WRS
                                                                                                                         Chapter 13

LARRY DANNELL JOHNSON,

    Debtor.

_____

LARRY DANNELL JOHNSON,

    Plaintiff,                                                                                                Adv. Proc. No. 21-01002

v.

AMERIS BANK,

    Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for a hearing on June 17, 2021, on the Motion to Dismiss filed by Defendant Ameris Bank. (Doc. 8).[1] Plaintiff Larry Dannell Johnson appeared *pro se* and Defendant Ameris Bank appeared through its counsel, Leonard N. Math. For the reasons set forth below, the motion is granted and the complaint is dismissed with prejudice.

## I. Facts

Larry Dannell Johnson filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on January 2, 2019. (Case No. 19-10004, Doc. 1). At that time, he owned 4.71 acres of unimproved land in Coffee County, Alabama, which is subject to a mortgage in favor of

---

[1] The matter has generated a considerable number of filings. Ameris Bank filed its Motion to Dismiss on February 1, 2021 (Doc. 8), and supporting memoranda. (Docs. 19, 55). Johnson has made the following filings in opposition: (Docs. 15, 18, 20, 27, 35, 38, 46, 58, 61, 65). The Court has read and considered all of these filings.

Defendant Ameris Bank. At the time the bankruptcy case was filed, Johnson claimed that the property was worth $95,000, and that the bank was owed $81,000. (Case No. 19-10004, Doc. 1, Sch. A and D). Contemporaneous with his petition, Johnson filed a Chapter 13 plan in which he proposed to pay Ameris Bank directly pursuant to his mortgage, and that the delinquent amount would be cured through his Chapter 13 plan. (Case No. 19-10004, Doc. 2). This Court confirmed Johnson's Chapter 13 plan on November 11, 2019. (Case No. 19-10004, Doc. 42).

On November 17, 2020, Ameris Bank filed a Motion for Relief from the Automatic Stay, contending that Johnson quit making his mortgage payments in January of 2020. (Case No. 19-10004, Doc. 55). In response to the motion, Johnson filed his complaint, initiating this Adversary Proceeding. (Doc. 1). Up until this time, Johnson had not taken issue with his mortgage or that he would have to make payments to Ameris Bank. Notwithstanding the fact that Johnson has signed the mortgage in favor of Ameris Bank on February 19, 2016, and that he had never before taken issue with the mortgage, Johnson now claims that the mortgage is fraudulent and unenforceable. The only facts alleged by Johnson supporting his claim that the bank has perpetrated a fraud on him rest upon two Property Record Cards purportedly issued by Ronald Burns, Revenue Commissioner of Coffee County, Alabama. The first card appears to have been issued on September 18, 2009, indicating a land value of $110,420.00, and the second card was issued June 3, 2010, indicating a land value of $139,490.00.[2] Johnson claims that a bank officer emailed him the records. Johnson does not claim that Ameris Bank somehow adopted the Revenue Commissioner's estimate as their own, nor does he claim that he was in any way deceived either

---

[2] Copies of the Records are attached to Johnson's complaint. (Doc. 1).

-2-

Case 21-01002    Doc 67    Filed 06/23/21    Entered 06/23/21 15:39:49    Desc Main
Document    Page 2 of 8

by the bank or by the Property Record Cards. Also of note, Johnson makes no claim that he has been harmed in any way by the Revenue Commissioner's land value appraisals.

Johnson contends that the Property Record Card indicating the $110,420 figure is the actual property value and that the Property Record Card indicating a value of $139,490 is an artifice or fraud. Johnson does not deal with the difference between the apparent issue dates of September 18, 2009, and June 3, 2010. The fact values are different at different times is hardly surprising.

This Court first granted Ameris Bank's Motion to Dismiss on March 24, 2021. (Doc. 25). Johnson then moved to reconsider, contending among other things, that he had not been heard from on the issue of whether the Court should take judicial notice of Johnson's two prior bankruptcy filings. (Doc. 27). On April 22, 2021, this Court granted Johnson's Motion to Reconsider and vacated the March 24, 2021 Order of Dismissal. (Doc. 43). In light of this Court's vacatur of the order of dismissal of the complaint, Ameris Bank's motion to dismiss the complaint is now at issue.

Contemporaneous with Johnson's filing of his motion to reconsider, he also filed a Notice of Appeal.[3] (Doc. 28). In the view of the undersigned, this Court mooted Johnson's appeal of this Court's March 24, 2021 Order of Dismissal when it vacated said order. The Order of Dismissal associated with this Memorandum Decision is a final, appealable order. To clarify, this Court dismissed Johnson's complaint by its order of March 24, 2021. On April 22, 2021, this Court vacated the March 24 Order of Dismissal. Now, this Court is again dismissing Johnson's complaint.

---

[3] That appeal is presently pending before the District Court under Case No. 21-CV-263.

This Adversary Proceeding was previously assigned to Judge Creswell. For reasons unrelated to the merits of this case, she recused herself from this Adversary Proceeding and from Johnson's underlying Chapter 13 case. (Case No. 19-10004, Doc. 81). Johnson moved the undersigned to recuse himself at a hearing held May 13, 2021. That motion has been denied. (Doc. 56).

## II. Law

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding 28 U.S.C. § 157(b)(2)(B). This is a final order.

### B. The Complaint Fails to State a Claim for Which Relief May be Granted.

Ameris Bank's motion to dismiss is governed by Bankruptcy Rule 7012 and Rule 12(b)(6), Fed. R. Civ. P. To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Assn. v. CIGNA Corp.*, 605 F.3d 1283, 1289 (11th Cir 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007)). Allegations of mere legal conclusions are to be disregarded. *Id*.

In the case at bar, Johnson alleges that the land value appraisals are fraudulent. In order to support a claim of fraud under Alabama law, "a plaintiff must allege: '(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.'" *Arrington v. Wells Fargo*, 842 Fed.Appx. 307, 312 (11th Cir. 2020) (citing *Exxon Mobil Corp. v. Alabama Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1114 (Ala. 2007)); *see also Yates v. Davis (In re Davis)*, No. 13-31255,

2013 WL 6796657 *2 (Bankr. M.D. Ala. Dec. 23, 2013). When one examines the allegations contained in Johnson's complaint in light of the elements of a cause of action sounding in fraud, it is apparent that the complaint fails to state a claim.

First, as to a false representation, Johnson fails to identify any such representation. His only evidence is copies of two Property Record Cards issued by the Coffee County Revenue Commission issued at different times. These cards appear to reflect the Revenue Commissioner's estimate as to the value the property and the resulting tax based upon the estimated value. Thus, the assessed tax value is part of the calculation of the tax bill assessed against each parcel of property. The Revenue Commissioner is not making a factual statement to anyone as to the value of property; rather, he is stating an opinion as part of his duty to assess the taxes. To be sure, one may get a rough idea of what a parcel of land is worth by looking at its assessed value; however, that is not a factual representation that was made to Johnson, nor was it a factual representation made by Ameris Bank.

As to the second element, Johnson alleges no facts showing a material existing fact at issue. Johnson notes that the assessed value of the land was different at different times. That the Revenue Commissioner's opinion as to a property's value fluctuates from time to time is hardly surprising. It does not in any way prove that one or the other is false or fraudulent.

Johnson has three insurmountable hurdles here as to the first and second elements of his fraud claim. The statement of land value is an opinion and not set out as a fact. Indeed, no one would accept a tax assessor's valuation as a statement of fact. Second, the opinion of the land's value is the opinion of the Revenue Commissioner and not Ameris Bank. Johnson makes no plausible connection between the bank and the record of the Revenue Commissioner. Third, there are no facts alleged that show that either value is false.

-5-

Case 21-01002   Doc 67   Filed 06/23/21   Entered 06/23/21 15:39:49   Desc Main
Document    Page 5 of 8

Johnson also fails to allege facts sufficient to support the third element–reasonable reliance. If Johnson was not aware of the value of the property, it was his responsibility to conduct his own due diligence and obtain his own appraisal of the property to determine the property's value. Johnson, the bank, and the individual Johnson acquired the property from were dealing with one another at arm's length. Ameris Bank had no duty to determine the value of the property for Johnson's benefit. Indeed, when one borrows money from the bank, giving his land as security, it is the borrower who is understood to be expressing an opinion as to the land's value and not the bank, who is receiving the mortgage. One may not justifiably acquire property, mortgage it to the bank, ask the bank to fax copies of property tax records, and then sue for fraud claiming reliance upon the e-mailed documents.

Lastly, Johnson fails on the fourth element, that he suffered a loss as a result of his reliance on the false statement. Johnson makes no claim that he has suffered a loss–for any reason. He owns a piece of property that he valued at $95,000, subject to a mortgage in the amount of $70,000. If Johnson believes he has somehow suffered a loss, he fails to explain how.

Johnson's claim that Ameris Bank has defrauded him is utterly implausible. What is plausible is that Johnson acquired property which is subject to a mortgage in favor of Ameris Bank. He is now financially strained and cannot make the payments to prevent foreclosure on the property. Instead, he wants to keep the property, free and clear of the bank's mortgage, simply because Ameris Bank, possibly as a courtesy to him, e-mailed him a few pages of property tax records. What is even more outrageous, is that Johnson is not willing to give up the land as part of the cost of getting out from under the mortgage.[4]

---

[4] The usual remedy when one is fraudulently induced into a transaction is to rescind the transaction. If rescission were granted, Johnson would give up the property and owe nothing. A second possibility is an action for damages. That is, to the extent he can show that he has suffered harm as a result of fraud, he may be compensated with money

-6-

### C. It Is Not Necessary to Reach the Bank's Request that the Court Take Judicial Notice of Johnson's Prior Bankruptcy Filings

Ameris Bank has moved the Court to take judicial notice of Johnson's prior bankruptcy filings and filings in his underlying Chapter 13 case. (Doc. 19). In Johnson's two prior bankruptcy filings, Case Nos. 16-11280 and 16-12424, he filed schedules, under penalties of perjury, reporting that he owned the Coffee County property, subject to a mortgage in favor of the bank, and he filed Chapter 13 plans proposing to pay the bank. Indeed, even in the current Chapter 13 case, Case No. 19-10004, Johnson filed schedules reporting that he owned the Coffee County property and filed a plan promising that he would pay Ameris Bank. (Case No. 19-1004, Doc. 2). It was not until after Ameris Bank raised the issue that Johnson first reported on his schedules that he disputed the fact that he owed the bank. (Case No. 19-10004, Doc. 87).

Johnson has quite clearly brought this Adversary Proceeding, alleging fraud on the bank's part, in bad faith for the purpose of delaying foreclosure proceedings. He has been attempting to deal with Ameris Bank, and other creditors, for years now, all to no avail. Johnson's problem is apparent. He does not have enough income to keep all of his property and make the necessary debt service payments to secured creditors. Instead of determining how much of his property he can afford to keep and returning the rest, he has littered the Court with mounds of filings, none of which have any merit, to stall the inevitable.

Rather than deal with the question of whether Johnson has somehow created a material issue of fact by amending his schedules, the Court will base its ruling on Rule 12(b)(6), Fed. R.

---

damages. In the case at bar, Johnson wants to keep the property and pay the bank nothing–the equivalent of having one's cake and eating it too.

-7-

Civ. P., as made applicable by Bankruptcy Rule 7012. In other words, the Court will consider only the complaint and will not take judicial notice of Johnson's prior bankruptcy filings. The complaint is dismissed for the reasons set forth in Part II(B) above. Nevertheless, the Court admonishes Johnson regarding his many bad-faith filings. When one files a document in Bankruptcy Court, it must be well-grounded in fact and in law. Fed. R. Bankr. P. 9011. The undersigned is of the view that Johnson has violated Rule 9011 and warns him that further violations may result in sanctions.

### III. Conclusion

The complaint is dismissed because it fails to state a claim for which relief may be granted. Ignoring Johnson's many conclusory statements, one is left with his accusation that Ameris Bank's act of sending him copies of property tax records somehow resulted in a fraud being perpetrated on him. This bare accusation is insufficient to survive Ameris Bank's Motion to Dismiss under Rule 12(b)(6). Accordingly, Ameris Bank's Motion to Dismiss is **GRANTED.** The Court will enter an Order by way of a separate document.

Done this 23rd day of June, 2021.

William R. Sawyer
United States Bankruptcy Judge

c: Debtor/Plaintiff, *Pro se*
Leonard N. Math, Attorney for Defendant
Sabrina L. McKinney, Chapter 13 Trustee